IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Case No. 15-mc-00083-PAB

In re Request for International Judicial Assistance from the Norrköping District Court, Sweden

Michaela Mellberg v. Gregory Wells, No. T 3130-13

---

**ORDER**

---

This matter is before the Court on the Application for Order Under 28 U.S.C. § 1782(a) [Docket No. 2] filed *ex parte* by the United States.  The application seeks an order appointing a representative from the United States Department of Justice as commissioner to secure deoxyribonucleic acid ("DNA") evidence from Gregory Wells, for use in a paternity proceeding before the Norrköping District Court, Sweden (the "Swedish court").  Docket No. 2 at 1.  The application was filed in response to the request [Docket No. 2-1] for international judicial assistance from Assistant Judge Petra Schöniger of the Swedish Court pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555 (Oct. 7, 1972).  *Id.*

Section 1782(a) of Title 28 of the United States Code provides, in pertinent part, that the "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  The threshold statutory requirements of Section 1782(a) are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the

discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (ellipses and internal quotation marks omitted).

As to the first requirement, the request indicates that an address in Denver, Colorado is Mr. Wells' last known address. Docket No. 2-1 at 3. As to the second requirement, the DNA evidence sought will be used "to establish paternity" in the paternity action pending before the Swedish court. *Id.* As to the third requirement, the request comes from the Swedish court. *Id.* Thus, the Court concludes that the statutory requirements are satisfied.

However, even if the statutory requirements are satisfied, the Court retains discretion over whether to permit the requested discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). In exercising that discretion, the Court notes that, although Mr. Wells is not a party in the foreign proceeding, it does not appear that he is subject to the jurisdiction of the Swedish court. *See id.* at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Therefore, the Swedish court cannot "itself order [hi]m to produce evidence." *Id.*

The Court also "may take into account the nature of the foreign tribunal[ and] the character of the proceedings underway abroad." *See id.* Here, however, there is nothing in the request suggesting that the Court should decline to grant the application

based on the fact it is in the Swedish court or the paternity proceeding itself. Moreover, as the entity who made the request, the Swedish court is itself seeking "U.S. federal-court judicial assistance." *Id.* There is no indication on the present record that the Swedish court's request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. The Court further concludes that this request is not "unduly intrusive or burdensome." *Id.*; *see, e.g.*, *In re Letter of Request*, 2010 WL 1655823, at *1 (S.D. Fla. April 23, 2010) (collecting cases and concluding that providing a blood or DNA sample in connection with a foreign paternity proceeding is not unduly intrusive or burdensome). The United States asserts that the application and this Order will be served on Mr. Wells and that collection of the DNA sample will be conducted in accordance with Fed. R. Civ. P. 35.

In light of the foregoing considerations, the Court finds that granting the *ex parte* application is appropriate. To the extent Mr. Wells disagrees or seeks modification of the requirements, such can be the subject of appropriate motions. *See In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). It is therefore

**ORDERED** that the Application for Order Under 28 U.S.C. § 1782(a) [Docket No. 2] is **GRANTED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1782(a) and Fed. R. Civ. P. 35, Assistant United States Attorney Juan G. Villaseñor is hereby appointed as Commissioner to (1) take such steps as are necessary to obtain the requested DNA evidence from Mr. Gregory Wells; (2) submit the DNA evidence to the Norrköping District Court, Sweden; and (3) do all else that may be necessary for the accomplishment of the purpose of this Order.  It is further

**ORDERED** that the Commissioner shall serve Mr. Gregory Wells with a copy of this Order and the application.

DATED June 26, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge